## MOORE v. SOUTHERN RY. CO.

Circuit Court of Appeals, Fourth Circuit.
April 10, 1928.

No. 2674.

Railroads ⬅348(8)—Death of taxicab driver in collision with backing locomotive on highway crossing held result of his own negligence as matter of law.

In action to recover against railroad for death of taxicab driver in collision of automobile driven by him with a backing locomotive on highway crossing, contributory negligence of deceased in recklessly approaching and attempting to cross track *held* as a matter of law to have contributed solely to his death.

In Error to the District Court of the United States for the Western District of North Carolina, at Greensboro; Edwin Y. Webb, Judge.

Action by J. Clinton Moore, administrator of Falk P. Bryan, deceased, against the Southern Railway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

W. F. Evans, of Raleigh, N. C. (King, Sapp & King, of Greensboro, N. C., on the brief), for plaintiff in error.

Sidney S. Alderman, of Greensboro, N. C. (J. Dolph Long, of Graham, N. C., on the brief), for defendant in error.

Before WADDILL and NORTHCOTT, Circuit Judges, and SOPER, District Judge.

WADDILL, Circuit Judge. This is a writ of error to a judgment of the United States District Court for the Western District of North Carolina at Greensboro, in an action brought in that court by J. Clinton Moore, administrator of Falk P. Bryan, deceased, against the Southern Railway Company, for damages for the death of said Bryan resulting from the alleged negligence of the railroad company. The essential facts are:

On the evening of February 17, 1922, a party of college students hired Falk P. Bryan, a taxicab driver, to drive them from Chapel Hill, N. C., to Raleigh, N. C., to attend a dance at the latter place. After the dance, the party left Raleigh in Bryan's automobile about 2 o'clock in the morning and reached Durham about 3 o'clock. As the automobile driven by Bryan reached the crossing where the railroad company's tracks intersect highway No. 10, just outside East Durham, a collision occurred between it and a backing locomotive of the railroad company, wrecking the automobile and killing Bryan and three of the other occupants of the conveyance.

Bryan's administrator instituted this action against the railroad company, alleging that the negligent and careless operation of the locomotive by an unskilled and incompetent employee, while approaching the crossing at an unlawful speed, was the proximate cause of the death of deceased cab driver. The railroad company denied negligence, and pleaded contributory negligence by Bryan, alleging that he was under the influence of intoxicants at the time of the occurrence of the collision, and had not observed proper precautions in approaching the crossing. When all the evidence was in, the railroad company moved the court to direct a verdict in its favor on three grounds: First, that, if the railroad company had been negligent from the evidence, such negligence had no causal connection with the accident and death of Bryan; second, that from the evidence adduced the sole proximate cause of the collision and death of Bryan was his own negligence; and, third, that, if the railroad company had been guilty of negligence under the evidence, deceased had at the same time been guilty of contributory negligence proximately causing his death. The company's motion to direct a verdict in its favor was sustained, and verdict was directed on the third ground, that is, that the evidence established as a matter of law that the deceased had been guilty of contributory negligence proximately causing the accident. The administrator of deceased tendered an issue presenting the theory of the "last clear chance" which the court refused to submit, to which ruling of the court plaintiff in error's

administrator excepted, as he did also to the court's refusal to give certain instructions relating to the railroad's negligence.

The assignments of error are to the court's action in refusing to submit to the jury the issue tendered by plaintiff in error raising the question of the "last clear chance"; in refusing to give the instructions requested by the plaintiff in error relating to the duty of the railroad company to keep a lookout and light on backing engines at night crossings; in allowing the motion for a directed verdict in favor of the railroad company; and to its charge to the jury directing such verdict.

We have given careful consideration to the action and rulings of the District Court in the particulars mentioned, and to the several assignments of error made, and our conclusion is that, upon the whole case, the lower court was clearly right in its several rulings, and that the deceased met his death solely as a result of his own negligence and want of due care in recklessly approaching and attempting to cross the railroad tracks at the time of the loss of his life, without taking proper precautions for his own safety, and that there was no neglect or failure on the part of the railroad company or its employees to exercise proper care under the circumstances.

The judgment of the District Court is affirmed.